UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MILDRED JUARBE A/K/A              :
MILDRED J. JUARBE MASS,           :
                                  :
         Plaintiff,               :
                                  :
    v.                            :     No. 3:10cv1557 (MRK)(WIG)
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of Social Security   :
                                  :
         Defendant.               :

## MEMORANDUM OF DECISION

On October 1, 2010, Plaintiff Mildred Juarbe filed a Complaint [doc. # 2] pursuant to the Social Security Act. *See* 42 U.S.C. § 405(g). She seeks review of a final decision by Defendant Michael J. Astrue, the Commissioner of the Social Security Administration ("Commissioner"), denying her application for Social Security Disability Insurance and Supplemental Security Income Benefits. Magistrate Judge William I. Garfinkel issued a Recommended Ruling [doc. # 22] on August 30, 2011.

Pursuant to Rule 72(b)(3) of the *Federal Rules of Civil Procedure* and Local Rule 72.2(b), this Court reviews *de novo* those sections of the Recommended Ruling [doc. # 22] to which parties properly objected. The parties' main source of contention is whether Ms. Juarbe's back, pelvic, and abdominal pain was "severe" for the purposes of the second step of the five-step analysis.[1] The Commissioner observes that there is no objective clinical or laboratory diagnostic evidence in the record establishing the presence of an impairment which

---

[1] Neither party contests Magistrate Judge Garfinkel's finding that the ALJ properly excluded Ms. Juarbe's spina bifida occulta from the list of her severe physical impairments.

1

could reasonably be expected to cause the back, abdominal, or pelvic pain of which Ms. Juarbe complains. *See* Def.'s Objection to Recommended Ruling [doc. # 23]. In her Response [doc. # 24], Ms. Juarbe argues that her pain constitutes an objective "sign" of an impairment, rather than a subjective "symptom" of an unconfirmed impairment.

Adopting the facts set forth in the Recommended Ruling [doc. # 22], especially those regarding Ms. Juarbe's history of back, pelvic, and abdominal pain, *see id.* at 8-11, the Court agrees with Magistrate Judge Garfinkel that the Administrative Law Judge ("ALJ") Robert A. DiBiccaro's determination that Ms. Juarbe has no severe physical impairments is unsupported by substantial evidence. Because remand is warranted on this issue alone, there is no need to address Ms. Juarbe's other claims. The Court therefore ADOPTS Magistrate Judge Garfinkel's Recommended Ruling [doc. # 22], GRANTS Ms. Juarbe's Motion for Order Reversing the Decision of the Defendant Commissioner [doc. # 18] to the extent it seeks to remand this case for a *de novo* hearing, and DENIES the Commissioner's Motion for an Order Affirming the Commissioner's Decision [doc. # 19]. The Court nonetheless takes this opportunity to make certain observations regarding the relevant law in this case.

## II.

Ms. Juarbe's history of back, pelvic, and abdominal pain is well-documented in the administrative record.[2] *See* Recommended Ruling [doc. # 22] at 8-11, 12. ALJ DiBiccaro acknowledged that Ms. Juarbe had "made a number of complaints of physical pain in various bodily areas including her lower back." Admin. R. at 17 (citations omitted) [hereinafter A.R.].

---

[2] As Magistrate Judge Garfinkel observes, "The ALJ's failure to recognize a 'severe' physical impairment is not surprising, as Plaintiff herself made little mention of one." Recommended Ruling [doc. # 22] at 4. The ALJ nevertheless has a duty to consider the full administrative record. *See* 20 C.F.R. § 404.1520(a)(3); *e.g.*, *Crump v. Astrue*, No. 7:06-CV-1003 (NAM/DRH), 2009 WL 2424196, at *6 (N.D.N.Y. Aug. 5, 2009).

However, because no diagnostic imaging had been performed based on Ms. Juarbe's complaints,[3] because her complaints were "sporadic and generally short lived" and many pre-dated the alleged onset date, because there was "little evidence of any more than minimal physical limitations," and because Ms. Juarbe had not mentioned physical problems at the administrative hearing,[4] the ALJ concluded that Ms. Juarbe "has no 'severe' physical impairment." *Id.* It is unclear whether the ALJ determined that Ms. Juarbe had no physical impairments at all—including no severe ones—or that Ms. Juarbe had non-severe physical impairments.

A.

To determine whether Ms. Juarbe has a physical impairment, the Court must decide whether Ms. Juarbe's pain constitutes "signs" of one or more physical impairments, rather than mere "symptoms." *See* Social Security Ruling ("SSR") 96-4p.

Symptoms, such as pain, "are an individual's own perception or description of the impact of his or her medical impairment(s). *Id.* n.2. "A 'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by itself can establish the existence of such an impairment." *Id.* Accordingly, "[n]o symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." *Id.*

---

[3] There was no medical examiner at the hearing. As a result, ALJ DiBiccaro may have placed undue weight on Ms. Juarbe's lack of diagnostic imaging tests. *See* A.R. at 17; *cf. Cutler v. Weinberger*, 516 F.2d 1282, 1286 & n.2 (2d Cir. 1975).

[4] However, at the administrative hearing, Ms. Juarbe testified that "she did not think she could perform her past work because of 'muscular pain.'" Recommended Ruling [doc. # 22] at 12 (citing Admin. R. at 103).

"However, . . . an anatomical, physiological, or psychological abnormality that can be shown by medically acceptable clinical diagnostic techniques . . . represents a medical 'sign' rather than a 'symptom.'" *Id.* n.2. In a 1998 letter discussing fibromyalgia and chronic fatigue syndrome, the Deputy Commissioner for Disability and Income Security Programs noted:

> Establishing the existence of a medically determinable impairment *does not necessarily require that the claimant or the medical evidence establish a specific diagnosis. . . . In some cases, the record may not establish the diagnosis, but there will be medical signs established by medically acceptable clinical techniques* that show that there is an impairment, and that there is a relationship between the findings and the symptoms alleged . . . . [T]he medically determinable impairment is established in the presence of anatomical, physiological, or psychological abnormalities that can be *objectively observed and reported apart from the individual's perceptions even in the absence of a definitive diagnosis*.

Letter from Susan M. Daniels, Ph. D., Deputy Comm'r for Disability and Income Sec. Programs, Soc. Sec. Admin., to Verrell L. Dethloff, ALJ, Soc. Sec. Admin. (May 11, 1998), *available at* http://www.fibroassist.net/SSA_FM.htm (emphasis added) [hereinafter Daniels Letter].

Ms. Juarbe admits that "the precise cause of the [back, pelvic, and abdominal] pain appears not to have been firmly diagnosed." Mem. in Supp. of Pl.'s Mot. for Order Reversing Dec. [doc. # 18-1] at 19. However, a concrete final diagnosis is not required for a finding that Ms. Juarbe's pain is a sign of a physical impairment. *See* Daniels Letter.

Ms. Juarbe has at least one and possibly multiple physical impairments. First, Ms. Juarbe's ovarian cyst is an objectively observable physical impairment.[5] *See* Daniels Letter; *see also Walterich v. Astrue*, 578 F. Supp. 2d 482, 505 (W.D.N.Y. 2008) (noting that an ALJ

---

[5] The Commissioner's reliance on *Gallagher v. Schweiker*, 697 F.2d 82 (2d Cir. 1983), is misplaced. Unlike Ms. Gallagher, Ms. Juarbe has at least one objectively observable physical impairment, and while all Ms. Juarbe's physical impairments may not yet be completely diagnosed, her symptoms appear to have at least one medically ascertainable source.

determined that claimant's ovarian cyst was a non-severe physical impairment). Second, her other possible diagnoses—including those for of pelvic adhesions, *see* A.R. at 303, and interstitial cystitis, *see id.* at 298—appear to have been identified through "medically acceptable clinical and laboratory diagnostic techniques." SSR 96-4p. The former would require surgery for a final, confirmatory diagnosis, but it may also be diagnosed based on a physical exam. *See* Pelvic Pain Symptoms, Univ. of Cal. S.F. Med. Ctr., http://www.ucsfhealth.org/conditions/ pelvic_pain/signs_and_symptoms.html. There is no definitive test for interstitial cystitis; the diagnosis is usually made by ruling out other causes. *See* Interstitial Cystitis, U.S. Nat'l Library of Med., http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001508/.

There is conflicting authority on whether diagnoses need to be supported by "objective" clinical and laboratory findings. *Compare Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir. 1975) (stating that 42 U.S.C. § 423(d)(3)'s requirement "does not mean that medical opinion must necessarily be supported by 'objective' clinical or laboratory findings"), *and Kraemer v. Apfel*, No. 97 Civ. 8638 (AGS), 1999 WL 14684, at *4 (S.D.N.Y. 1999) ("Medically acceptable clinical diagnostic techniques include diagnoses based entirely upon a patient's symptomology."), *with* Daniels Letter ("[T]he medically determinable impairment is established in the presence of . . . abnormalities that can be objectively observed and reported apart from the individual's perceptions.").

While interesting, this is not a question that must be resolved here. Although some diagnoses are primarily based on a patient's subjective perceptions, Ms. Juarbe's ovarian cyst is, and her pelvic adhesions may be, objectively observable.

B.

"[O]nce the requisite relationship between the medically determinable impairment(s) and the alleged symptom(s) is established, the intensity, persistence, and limiting effects of the symptom(s) must be considered along with the objective medical and other evidence in determining whether the impairment or combination of impairments is severe." SSR 96-3p. In considering symptoms, an ALJ "will not reject [a claimant's] statements above the intensity and persistence of [her] pain or other symptoms or about the effect [her] symptoms have on [her] ability to work solely because the available objective medical evidence does not substantial [her] statements." C.F.R. 20 § 404.1529(c)(2).

Relevant factors in evaluating the severity of claimant's pain include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; treatment other than medication; any measures the claimant uses to relieve pain; and other factors concerning limitations and restrictions due to pain. *See id.* § 404.1529(c)(3). If symptom-related limitations and restrictions have "more than a minimal effect on an individual's ability to do basic work activities, the adjudicator must find that the impairment(s) is severe and proceed to the next step in the process even if the objective medical evidence would not in itself establish that the impairment(s) is severe." SSR 96-3p.

Ms. Juarbe's pain might have more than a minimal effect on her ability to complete basic tasks: in April 2007, she rated her abdominal and back pain "10 out of 10 on a pain scale," Recommended Ruling [doc. # 22] at 9 (citing A.R. at 295); in August 2008, Ms. Juarbe experienced pain "'with just walking,'" *id.* at 10 (citing A.R. at 481); in June 2009, a clinician noted that her back pain appears to be exacerbated by stress, *id.* at 11 (citing A.R. at

452). Ms. Juarbe has tried a host of medications to alleviate her symptoms, apparently to limited avail. *See id.* at 8-12. Furthermore, "at the administrative hearing, Plaintiff did testify through an interpreter that she did not think she could perform her past work because of 'muscular pain.'" *Id.* at 12 (citing A.R. at 103).

The U.S. Supreme Court and Second Circuit Court of Appeals have both stated that the severity analysis should be used only to screen out *de minimis* claims. *See Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995) (citing *Bowen v. Yuckert*, 482 U.S. 137, 158 (1987)). Furthermore, if an adjudicator cannot determine clearly the effect of an impairment on a claimant's ability to conduct basic work activities, the adjudicator should err on the side of proceeding with the sequential analysis. *See* SSR 85-28.

Accordingly, as ALJ DiBiccaro did not explicitly address whether Ms. Juarbe had a physical impairment—much less the effects of the combination of her physical impairments—the Court finds that ALJ DiBiccaro's determination that Ms. Juarbe's physical impairments were not severe is not supported by substantial evidence. If anything, Ms. Juarbe appears to have provided substantial evidence that her physical impairments are severe, as her symptom-related limitations and restrictions appear to have "more than a minimal effect on [her] ability to do basic work activities." SSR 96-3p.

### III.

The Court ADOPTS Magistrate Judge William I. Garfinkel's Recommended Ruling [doc. # 22], GRANTS Ms. Juarbe's Motion to Reverse the Decision of the Commissioner [doc. # 18] to the extent it seeks to remand this case for a *de novo* hearing, and DENIES the Commissioner's Motion for an Order Affirming the Commissioner's Decision [doc. # 19].

**The Clerk of Court shall enter judgment in accordance with this Order and close the file.**

**IT IS SO ORDERED.**

/s/ <u>Mark R. Kravitz</u>
United States District Judge

Dated at New Haven, Connecticut: **September 28, 2011.**